IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>MIDVALE PAPER BOX COMPANY, INC. and DAVID FRANK,<br><br>Defendants. | Civil Action No. _____<br><br>DEMAND FOR JURY |

**COMPLAINT**

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Midvale Paper Box Company, Inc., ("Midvale") and David Frank, owner of Midvale (collectively, "Defendants"), from violating the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678 ("Act"), for a judgment against Defendants for back wage compensation, front pay, interest, punitive damages, and for all other appropriate relief for former employee Martha Accamondo.

**Parties**

1. The Secretary is authorized to bring this action against Defendants pursuant to Section 11(c)(2) of the Act. 29 U.S.C. § 660(c)(2).

2.  At all relevant times, Midvale Paper Box Company, Inc. was a Pennsylvania corporation with a place of business located at 19 Bailey Street, Plains Township, Pennsylvania 18705.

3.  At all relevant times, Defendant David Frank was an owner and manager of Midvale and resided in Pennsylvania.

## Jurisdiction and Venue

4.  Venue with respect to this action lies in the Middle District of Pennsylvania because Defendants operated a paper company in Plains Township, Pennsylvania and all events giving rise to this action occurred in Luzerne County, Pennsylvania.  28 U.S.C. § 1391.

5.  At all relevant times, Midvale was a "person" within the meaning of Sections 3(4) and 11(c)(1) of the Act, 29 U.S.C. §§ 652(4) and 660(c)(1), because it was a business or partnership.

6.  At all relevant times, Midvale was an "employer" within the meaning of Section 3(5) of the Act, 29 U.S.C. § 652(5), because it was a person engaged in a business affecting trade, traffic, commerce, transportation, or communication between the Commonwealth of Pennsylvania and states outside of Pennsylvania who had employees.

7. At all relevant times, David Frank was a "person" within the meaning of Sections 3(4) and 11(c)(1) of the Act, 29 U.S.C. §§ 652(4) and 660(c)(1), because he is an individual.

8. At all relevant times, David Frank was an "employer" within the meaning of Section 3(5) of the Act, 29 U.S.C. § 652(5), because he was a person engaged in a business affecting trade, traffic, commerce, transportation, or communication between the Commonwealth of Pennsylvania and states outside of Pennsylvania who had employees.

9. At all relevant times prior to being terminated, Martha Accamondo was an "employee" within the meaning of Sections 3(6) and 11(c)(1) of the Act, 29 U.S.C. §§ 652(6) and 660(c)(1), because she was employed by Midvale and David Frank.

**General Allegations**

10. At all relevant times, Defendants operated a paper product manufacturing plant ("plant"). The plant manufactures specialty paper boxes.

11. At all relevant times, there were approximately 30 employees working at the plant.

12. On or about June 27, 2017, Defendants hired Martha Accamondo ("Complainant") as a packer at the plant. Accamondo's duties included working

on the gluer machines, packing machines and occasionally working on the shredder/baler machine.

13. Complainant's direct supervisor was plant supervisor Vincent Dellaperuto.

14. In or around August 2017, Complainant was assigned to work on the shredder/baler machine. Prior to starting this task, Complainant asked her supervisor for gloves. Dellaperuto refused. Complainantcut her hands while she operated the shredder/baler.

15. On October 5, 2017, an OSHA Compliance Safety and Health Officer ("CSHO") arrived at the plant to conduct a complaint-based safety inspection of the plant. The safety complaint alleged, among other things, a failure to provide PPE and lack of LOTO procedures for unjamming machines.

16. Unbeknownst to the Defendants, Complainant was not the one who filed the complaint leading to the OSHA-safety investigation.

17. On October 19, 2017, the CSHO interviewed the Complainant, and others, as part of the safety inspection. Complainant provided a signed statement detailing the lack of gloves and electrical hazards.

18. On October 19, 2017, Plant engineer John Northwood observed as the CSHO interviewed employees, including Complainant.

19. On October 19, 2017, during the Complainant's interview, the CSHO told Complainant about her whistleblower rights under the Occupational Safety and Health Act, including how to contact OSHA if she felt that she was being discriminated under the Act.

20. As a result of the OSHA site visit, owner David Frank posted at least three notices at the plant aimed at silencing employees and thwarting any future whistleblowers from contacting OSHA. These notices falsely provided that OSHA requires the company to implement a draconian "progressive" disciplinary policy in order to enforce safety practices and threaten to withhold wage increases, with the instruction to "thank OSHA" and accuse individuals who contact OSHA as disgruntled employees trying to "get back at the company."

21. On October 24, 2017, three weeks after the OSHA initial conference, owner David Frank was at the plant. Complaint had never spoken with him previously, but on this date, Frank approached her and asked her "So you are Martha? What is your problem?" Complainant agreed that she was Martha and walked away.

22. On October 26, 2017, Complainant arrived at work and was told by a co-worker that management believed she was responsible for initiating for the OSHA safety inspection.

23. That same day, Dellaperuto assigned Complainant to the shredder/baler machine.

24. Dellaperuto was known to assign employees to the shredder/baler as a form of punishment since it is a dirty task and it can pose hazards if product is stuck and the machine needs to be opened to be unjammed.

25. On October 26, 2017, after clocking in, Complainant asked Dellaperuto for a pair of gloves to operate the shredder/baler. Dellaperuto refused and responded "Door number one, door number two or door number three." Complainant then asked if there was any other work available. Dellperuto told Complainant that no other work was available. Complainant again stated that she did not want to work without gloves, to which Dellaperuto told her again: "Door number one, door number two or door number three."

26. While Dellaperuto denies that he used that phrase with Complainant on October 26, 2017, Dellaperuto admits that when he uses that phrase, it means that the employee should go home.

27. Complainant interpreted this comment to mean that she had to leave because there was no work available for her on that date. Complainant "punched out" her timecard and left.

28. Complainant called OSHA after she left the plant and explained the interaction with Dellaperuto to the whistleblower investigator. Complainant told

6

the investigator that she was unsure of what had happened at the plant and did not believe she had been fired and that she planned to show up at work the next day with a pair of work gloves.

29. On October 27, 2017, Complainant arrived at work and discovered that her time card had been removed. Dellaperuto told her she had abandoned her job the day before and no longer had a job.

30. Dellaperuto made the decision to terminate Complainant, alleging she had abandoned her job, had performance issues and could not get along with co-workers.

31. Owner David Frank and Assistant Plant Manager Vincent Dellaperuto admitted they suspected that Complainant had called OSHA.

32. Midvale terminated Complainant in retaliation for engaging in activities that are protected under the Act, including but not limited to Complainant's multiple requests for gloves, Complainant's participation with the OSHA safety investigation and the mistaken belief that Complainant had filed the safety complaint that initiated the OSHA investigation.

33. On October 27 2017, Accamondo filed a timely complaint with the Occupational Safety and Health Administration alleging that Defendants discriminated against her in violation of Section 11(c)(1) of the Act, 29 U.S.C. §

660(c)(1), by telling her no work was available after she engaged in protected activity and then terminating her for engaging in protected activity.

34. On October 31, 2017, Defendants received notice that Accomando had filed a Section 11(c) complaint.

35. The Secretary thereafter investigated said complaint in accordance with Section 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2), and determined that Defendants had violated Section 11(c) of the Act by terminating Accamondo.

## Violations of the Act

36. The Secretary incorporates by reference paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. The activities described in paragraphs 14, 16, 17, 22, 25 and 28 constitute the filing of a complaint under the Act and the exercise of rights afforded by the Act, and thus are activities protected by the Act.

38. Defendants terminated Complainant because she exercised rights and engaged in activities protected by the Act, in violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

39. To date, Defendants have failed to compensate Complainant for wages lost as a result of her improper termination, in continuing violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

## Relief Sought

WHEREFORE, cause having been shown, the Secretary requests a trial by jury, and further prays for judgment:

a. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them, from violating the provisions of Section 11(c) of the Act;

b. Ordering Defendants to reinstate Complainant and to pay Complainant for all past and future lost wages that resulted from her termination, and prejudgment and post-judgment interest thereon, as authorized by Section 11(c) of the Act;

c. Ordering Defendants to post in a conspicuous place in the plant for a period of not less than sixty days a copy of the decree entered in this case and a notice that Defendants will not discriminate against any employee for engaging in activities protected by Section 11(c) of the Act;

d. Ordering Defendants to compensate the Secretary for all costs incurred in this litigation; and

e. Ordering all other appropriate relief including punitive damages, emotional distress, pain and suffering, other expenses incurred by Complainant as a result of being terminated by Defendants.

Respectfully submitted,

Martin J. Walsh
Secretary of Labor

Oscar L. Hampton III
Regional Solicitor

Andrea J. Appel
Regional Counsel for Civil Rights

 /s/ M. del Pilar Castillo
By: M. del Pilar Castillo
Senior Trial Attorney
PA ID #311251
Office of the Solicitor, Region III
1835 Market Street
Mailstop 22/RSOL
Philadelphia, PA 19103
(215) 861-5129 (Phone)
castillo.m.pilar@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff